Opinion filed July 25, 2024



In The

# Eleventh Court of Appeals

_____

## Nos. 11-24-00044-CR & 11-24-00045-CR

_____

### ANTHONY CRAIG ROUSWELL, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 50th District Court**
**Baylor County, Texas**
**Trial Court Cause Nos. 5642 & 5663**

## M E M O R A N D U M   O P I N I O N

Appellant, Anthony Craig Rouswell, originally pled guilty to two offenses: (1) the third-degree felony offense of possession of a controlled substance in a drug free zone, and (2) the state jail felony offense of theft. *See* TEX. HEALTH & SAFETY CODE § 481.134(d) (West Supp. 2023); TEX. PENAL CODE § 31.03(e)(4)(A) (West Supp. 2023). Pursuant to the terms of a plea bargain agreement between Appellant and the State, the trial court deferred a finding of guilt and placed Appellant on

community supervision for a period of five years for each offense. The State subsequently filed a motion to adjudicate Appellant's guilt.

At the hearing on the State's motion to adjudicate, Appellant pled true to six of the allegations in the motion. The State waived the remaining allegations. The trial court accepted Appellant's pleas and then permitted the State and Appellant to present evidence for punishment. At the end of the hearing, the trial court found that Appellant had violated the terms and conditions of his deferred adjudication community supervision as alleged in the six allegations to which Appellant had pled true, revoked Appellant's deferred adjudication community supervision, adjudicated Appellant guilty of the charged offense, and assessed his punishment at imprisonment for ten years in the Institutional Division of the Texas Department of Criminal Justice (TDCJ) for the offense of possession of a controlled substance in a drug free zone and two years in the State Jail Division of TDCJ for the theft offense. We affirm.

Appellant's court-appointed counsel has filed a motion to withdraw in each case. The motions are supported by briefs in which counsel professionally and conscientiously examines the records and applicable law and states that she has concluded that this appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the briefs, a copy of the motions to withdraw, an explanatory letter, and a copy of the clerk's records and the reporter's record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a response to counsel's *Anders* briefs. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision and proceed with an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree with counsel that no arguable grounds for appeal exist.[1]

We grant counsel's motions to withdraw, and we affirm the judgments of the trial court.

W. BRUCE WILLIAMS
JUSTICE

July 25, 2024

Do not publish. *See* Tex. R. App. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1] We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.